**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANIEL NOWICKI,                              )
                                             )
        Plaintiff,                          )
                                             )
vs.                                          )
                                             )
BUDZIK & DYNIA, LLC,                         )
                                             )
        Defendant.                          )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Daniel Nowicki brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Budzik & Dynia, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because defendant is located within this District.

### PARTIES

5. Plaintiff Daniel Nowicki is an individual who resides in Michigan.

6. Defendant Budzik & Dynia, LLC is a law firm organized as a limited liability company under Illinois law with principal offices at 4849 N. Milwaukee, Suite 801, Chicago, IL 60630.

1

7. Budzik & Dynia, LLC regularly uses the mails and telephone system to collect defaulted consumer debts originally owed to others.

8. Budzik & Dynia, LLC is a debt collector as defined in the FDCPA.

## FACTS

9. On or about July 28, 2010, defendant sent plaintiff the collection letter attached as Exhibit A.

10. On information and belief, Exhibit A seeks to collect an alleged consumer debt originally owed to another.

11. Exhibit A does not identify the current creditor or owner of the debt, as required by 15 U.S.C. §1692g.

12. On information and belief, the "original creditor" listed in Exhibit A, Wells Fargo, does not own the debt.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Defendant thereby violated 15 U.S.C. §1692g.

15. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such**

>   **verification or judgment will be mailed to the consumer by the debt collector; and**
>
>   **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> **(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
> **(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
>
> **(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

>   (1)   Statutory damages;
>
>   (2)   Attorney's fees, litigation expenses and costs of suit;
>
>   (3)   Such other and further relief as the Court deems proper.

3

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24841\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)